```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )    Criminal Case
v.                                  )    No. 21-10207-PBS
                                    )
DAMILOLA ADEPOJU,                   )
                                    )
            Defendant.              )
_____)
```

## MEMORANDUM AND ORDER

August 9, 2023

Saris, D.J.

### INTRODUCTION

Defendant Damilola Adepoju brings this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On July 21, 2021, Adepoju pled guilty to Count I, 18 U.S.C. § 1349 (wire fraud conspiracy), Count II, 18 U.S.C. § 1028A(a)(1) (aggravated identity theft), and Count III, 18 U.S.C. § 1957 (money laundering). On January 12, 2023, Adepoju filed this habeas petition, alleging that he received ineffective assistance of counsel in violation of the Sixth Amendment. Adepoju also filed a motion for partial disclosure of discovery, requesting the disclosure of discovery materials regarding (1) GPS devices or any other method that located his cellular phone and (2) the existence of a sufficient nexus between the charged offenses and Adepoju's

1

business office. After a review of the record, the Court **DENIES** Adepoju's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. 83) and **DENIES** Adepoju's Motion for Partial Disclosure of Discovery (Dkt. 85) as moot.

## ANALYSIS

Adepoju raises three arguments regarding ineffective assistance of counsel: that his attorney failed to (1) challenge law enforcement's use of his cell-site location information ("CSLI") under the Fourth Amendment, (2) challenge the warrant allowing law enforcement to search Adepoju's office; and (3) advise Adepoju on the certainty of deportation if he accepted the plea deal.

Adepoju bears the burden of establishing that he received ineffective assistance of counsel. To do so, defendants must show deficient performance and prejudice. See, e.g., Field v. Hallett, 37 F.4th 8, 17 (1st Cir. 2022) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Deficient performance occurs when counsel falls "below an objective standard of reasonableness." Watson v. United States, 37 F.4th 22, 27 (1st Cir. 2022) (quoting Fernandez-Garay v. United States, 996 F.3d 57, 62 (1st Cir. 2021)). Counsel's decisions must be "so patently unreasonable that no competent attorney would have made [them]." Id. at 28 (quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010)). If a defendant proves that there was deficient performance, he must then

demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 27 (quoting Fernandez-Garay, 996 F.3d at 62).

Adepoju first alleges that the Government violated his Fourth Amendment rights by using a GPS device to track his cellphone and that his counsel failed to move to suppress this evidence. Magistrate Judge Judith Dein's May 14, 2021 search warrant directed AT&T to disclose the location information of Adepoju's cellphone. "[B]efore compelling a wireless carrier to turn over a subscriber's CSLI, the Government's obligation is a familiar one -- get a warrant." Carpenter v. United States, 138 S. Ct. 2206, 2221 (2018). The Government fulfilled that obligation.

Adepoju next contends that his former counsel was deficient by failing to "challenge the nexus requirement of the [search] warrant" to search the office of his business, Fini Shoes. Dkt. 84 at 13. Based on a review of that affidavit, the Court concludes that even if defense counsel was ineffective for failing to review the affidavit, Adepoju's claim fails because he has not demonstrated prejudice. In a sworn affidavit, Adepoju's attorney stated that Adepoju did not want him to "explore the possibility of challenging anything; [Adepoju] wanted [his attorney] to get the plea done." Dkt. 92-1 ¶ 14, at 5. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on

3

the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

To satisfy the nexus requirement, an "application for a warrant must demonstrate probable cause to believe that (1) a crime has been committed" and "(2) that enumerated evidence of the offense will be found at the place searched." United States v. Roman, 942 F.3d 43, 50 (1st Cir. 2019) (cleaned up). This belief need not "be necessarily correct or more likely true than false," it must simply be a "practical, commonsense assessment." United States v. Woodbury, 511 F.3d 93, 98 (1st Cir. 2007) (quoting United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999) (cleaned up)). The affidavit in support of the application for the warrant to search Adepoju's business indicates that he had bank accounts in his name and the business's name to facilitate money laundering and that information used to commit the offenses was at the premises. The information in the affidavit provided an adequate basis for the magistrate judge to issue a warrant.

Adepoju additionally argues that his counsel did not adequately warn him about the likelihood of deportation. Adepoju is correct that an attorney's "incorrect advice or failure to advise on the deportation consequences of a criminal conviction provides a basis for an ineffective assistance of counsel claim." United States v. Castro-Taveras, 841 F.3d 34, 38 (1st Cir. 2016) (citing Padilla v. Kentucky, 559 U.S. 356, 364-71 (2010)). Adepoju

4

specifically points to the fact that he did not have the chance to meet with an immigration attorney until a month after he had signed his plea agreement. Adepoju's counsel disputes these assertions. In his affidavit, Adepoju's attorney stated that he frequently discussed the possibility of deportation with Adepoju and explained that "conviction would almost guarantee deportation." Dkt. 92-1 ¶¶ 8, 10, at 3. His attorney also received an email from Adepoju's first attorney with advice from an immigration attorney, detailing that deportation was likely if Adepoju was convicted. Adepoju's attorney was advised that Adepoju received this email.

Even if counsels' advice were deficient (it was not), Adepoju has not shown prejudice because the Court warned him, at two different times, about the likelihood of deportation at Adepoju's Rule 11 hearing on July 21, 2021. Adepoju responded "Yes" both times when the Court asked if he understood his guilty plea would likely lead to his deportation. Adepoju was given sufficient notice and warning about the consequences of his plea. He cannot now claim that he was only aware of the "possibility of deportation" rather than the "certainty of deportation." Dkt. 93 at 2. In sum, Adepoju has failed to demonstrate that his counsel behaved in an objectively "unreasonable" way. Adepoju therefore does not meet Strickland's burden.

Finally, with respect to Adepoju's motion for partial discovery, the Court ordered the disclosure of the search warrant

5

and affidavit for Adepoju's business from the Eastern District of New York. Adepoju was given the opportunity to supplement his filings, but he did not do so. The motion for partial discovery is otherwise denied. See Donald v. Spencer, 656 F.3d 14, 16 (1st Cir. 2011) (explaining that a defendant seeking relief under § 2254 must demonstrate "good cause" for discovery) (quoting R. 6(a) of Rules Governing § 2254 Proceedings).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Dkt. 83) is **DENIED** and the Motion for Partial Disclosure of Discovery (Dkt. 85) **DENIED** as moot, except with respect to the affidavit filed in front of the magistrate judge in the Eastern District of New York. This action is dismissed. I deny a certificate of appealability.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge